UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HIEN ANH DAO, <br>     Petitioner, <br> v. <br> C.A., TERHUNE, DIRECTOR CALIFORNIA DEPARTMENT OF CORR., <br>     Respondent. | No. CV 10-5642 GHK (FFM) <br><br> ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |

On July 29, 2010, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") herein. It appears from the face of the Petition that it is directed to the same July 21, 1998 conviction and August 21, 1998 sentence sustained in Los Angeles County Superior Court as the prior habeas petition filed by petitioner in this Court on March 13, 2001, in Case No. CV 01-2422. On May 16, 2002, Judgment was entered in Case No. CV 01-2422 denying the Petition on the merits and dismissing the action with prejudice. The Ninth Circuit Court of Appeals affirmed the dismissal on March 14, 2003.

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act") which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

/ / /

"(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

      (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

The Petition now pending constitutes a second and/or successive petition challenging the same conviction as petitioner's prior habeas petition in Case No. CV 01-2422, within the meaning of 28 U.S.C. § 2244(b). To the extent petitioner seeks to pursue claims not contained in the earlier Petition, which appears to be the case, it was incumbent on her under § 2244(b)(3)(A) to secure an order from

the Ninth Circuit authorizing the District Court to consider the Petition, prior to her filing of it in this Court. Petitioner's failure to do so deprives the Court of subject matter jurisdiction. To the extent the instant Petition merely asserts the same claim that was previously asserted, which does not appear to be the case, the Petition is subject to dismissal pursuant to § 2244(b)(1).

For the foregoing reasons, IT IS ORDERED that this action be summarily dismissed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 20, 2010

_____
GEORGE H. KING
United States District Judge

Presented by:

 /S/ FREDERICK F. MUMM
  FREDERICK F. MUMM
United States Magistrate Judge